BRIAN PAUL TATE, PLAINTIFF v. PATRICIA WOOD TATE, DEFENDANT

No. 8921DC233

(Filed 3 October 1989)

1. **Divorce and Alimony § 24.5— accumulated child support arrearages—no authority of trial court to strike**

    The trial court had no authority to strike plaintiff's accumulated child support arrearages where plaintiff never made a motion for modification of the civil court order awarding child support. N.C.G.S. § 50-13.10.

2. **Divorce and Alimony § 24.5; Social Services and Public Welfare § 2— child support arrearages stricken—standing**

    There was no merit to plaintiff's contention that Social Services had no standing to challenge the striking of child support arrearages, since Social Services provided support money, became the assignee of the right to child support payments, and thus had standing to contest the elimination of arrearages. N.C.G.S. § 110-137.

3. **Garnishment § 2— child support arrearages—garnishment denied—erroneous finding as basis**

    The trial court erred in denying defendant's motion for garnishment of plaintiff's wages where the basis for the denial was its erroneous finding of fact that plaintiff made his child support payments in a timely manner. N.C.G.S. § 110-36(b1).

APPEAL by defendant from *Alexander, Judge.* Order entered 3 November 1988 in District Court, FORSYTH County. Heard in the Court of Appeals 20 September 1989.

This is a civil action wherein defendant seeks garnishment of plaintiff's wages to satisfy his existing child support obligations. By the terms of a consent order entered on 16 January 1981, plaintiff was required to pay defendant $175.00 per month in child support. From 5 November 1980 to 30 June 1982, plaintiff paid only $1,750.00 in child support, an amount $1,575.00 less than he was obligated to pay during that period. As a result, defendant filed criminal charges against plaintiff for failure to provide child support in violation of G.S. 14-322. Plaintiff pled guilty and was given a six-month prison sentence suspended for five years on the condition that he pay defendant $175.00 per month during that period. On

TATE v. TATE

[95 N.C. App. 774 (1989)]

28 January 1983, in response to plaintiff's motion for suspension of further payments, the court reduced the amount required under the criminal judgment to $100.00 per month. On 5 April 1988, the district court ordered plaintiff to make all further child support payments to the Forsyth County Department of Social Services (hereinafter "Social Services") as agent for the North Carolina Department of Human Resources.

On 10 August 1988, by a motion to garnish plaintiff's wages and join plaintiff's employer as a third-party garnishee, Social Services sought to satisfy plaintiff's ongoing child support obligation and recover all existing child support arrearages.

From an order striking all existing arrearages and denying defendant's motion for wage garnishment, defendant appealed.

*Morrow, Alexander, Tash, Long & Black, by John F. Morrow, for plaintiff, appellee.*

*Bruce E. Colvin for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Appellant, Social Services, contends the trial court erred by striking plaintiff's accumulated child support arrearages. They claim plaintiff's failure to move the court for modification of the civil court order eliminated any opportunity for the district court to strike the arrearages thereunder. We agree. The district court judge's authority to reduce or strike a vested child support payment is controlled by G.S. 50-13.10 which provides in pertinent part:

> (a) Each past due child support payment is vested when it accrues and may not thereafter be vacated, reduced, or otherwise modified in any way for any reason, in this State or any other state, except that a child support obligation may be modified as otherwise provided by law, and a vested past due payment is to that extent subject to divestment, if, but only if, a written motion is filed, and due notice is given to all parties either:
>
> (1) Before the payment is due or
>
> (2) If the moving party is precluded by physical disability, mental incapacity, indigency, misrepresentation of another party, or other compelling reason from filing a motion before

TATE v. TATE

[95 N.C. App. 774 (1989)]

the payment is due, then promptly after the moving party is no longer so precluded.

In the present case, plaintiff never made a motion in the cause with respect to arrearages accumulated under the civil court order. As a result, the trial judge had no authority to strike them.

[2] In his brief, plaintiff argues that Social Services has no standing to challenge the striking of arrearages. G.S. 110-137 provides in pertinent part:

By accepting public assistance for or on behalf of a dependent child or children, the recipient shall be deemed to have made on assignment to the State or to the county from which such assistance was received of the right to any child support owed for the child or children *up to the amount of public assistance paid.* . . . (Emphasis added).

Plaintiff suggests that because the named defendant, Hattie Angel, provided support which plaintiff was legally obligated to provide from 5 November 1980 to 30 June 1982, only she has standing to challenge the striking of arrearages. The statute, however, clearly provides for assignment of the right to child support payments to the State or county to the extent that *it provides* support money. The fact that arrearages accumulated before Social Services rendered aid to defendant is of no legal significance. Thus, Social Services, as assignee of the right to child support payments, has standing to contest the elimination of arrearages.

[3] Appellant also complains that the district judge erred by denying its motion for garnishment of plaintiff's wages. G.S. 110-36(b1) allows the district court, in its discretion, to enter an order of garnishment when the supporting parent "is delinquent . . . or has been erratic in making child support payments. . . ." As a basis for denying defendant's motion, the district judge found as a fact that plaintiff "made his child support payments in a timely manner. . . ." This finding was clearly erroneous in light of our conclusion that the child support arrearages were improperly stricken. Thus, the district court must reconsider, in its discretion, whether wage garnishment is justified in this case.

For the reasons stated herein, the order of the district court is reversed as to the striking of plaintiff's child support arrearages,

vacated with respect to the denial of defendant's motion for garnishment, and remanded for further proceedings consistent with this opinion.

Reversed in part; vacated and remanded in part.

Judges ARNOLD and BECTON concur.